## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB., LLC | : | Civil Action |
| Plaintiff | : | |
| | : | No.2:13-cv-06211-JS |
| v. | : | |
| | : | |
| USANA HEALTH SCIENCES, INC. | : | |
| | : | |
| Defendant | : | |

## RESPONSE OF DEFENDANT, USANA HEALTH SCIENCES, INC., TO PLAINTIFF, LIVE FACE ON WEB, LLC.'S  MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Defendant, USANA Health Sciences, Inc. ("USANA"), by and through its counsel, hereby submits the instant Response to Plaintiff, Live Face on Web, LLC's ("LFOW") Motion to Compel and for Sanctions (the "Motion"), and in support thereof states and avers as follows:

### Preliminary Statement of USANA

LFOW's Motion mischaracterizes the status of discovery between the parties, both with respect to USANA's diligent efforts to schedule depositions, and with regard to USANA's production of computer/video files and information on website Hits and Visitors. Further, LFOW simply ignores the threshold requirement that discovery must seek relevant information which is reasonably calculated to lead to the discovery of admissible evidence in making burdensome and harassing requests for irrelevant USANA financial records.

Despite LFOW's representations, the facts of this case are simple and straightforward. USANA and its in-house production studio created a welcome video for viewing by new sales associates featuring USANA's CEO, David Wentz (the "Original Video"). The script and dialogue for the Original Video, as well as the filming, production and creation of same were performed entirely by USANA, and not by LFOW. USANA retained LFOW solely to format

1

the Original Video to play in a video player for use as a welcome message for new sales associates on its website – www.usana.com. LFOW simply formatted the Original Video to play in an LFOW video player, and provided the formatted video (the "Altered Video") to USANA, with an LFOW video player and JavaScript file.

USANA received the Altered Video and noticed that the LFOW mark appeared on the LFOW video player when the video played. USANA contracted for the removal of LFOW's mark and any branding, purchasing the unbranded player for a $150.00 additional fee, as confirmed by LFOW's own "unbranded video player version" invoice. See February 21, 2013 LFOW invoice, a true and correct copy of which is attached as **Exhibit "A".** Thus, it was clearly contemplated that the video player contracted for by USANA would be generic and would not contain LFOW branding. USANA subsequently determined that a revision of the video was needed, and solely through its own production studio, created a new video which featured Mr. Wentz (the "Website Video"). The Website Video was the video used by USANA with the unbranded video player and to which LFOW objects. **LFOW had <u>no involvement</u> in the creation of the Website Video. The Website Video was used <u>solely as a welcome message for new sales associates which could be viewed only after they had fully completed the sign up process with USANA and had already received their confirmation/receipt</u>.**

USANA's only action was to modify some lines of JavaScript code to accommodate the Website Video and its several language versions. USANA was permitted to do so as it contracted for the software to be unbranded and thus not under LFOW's trademark or copyright. Further, LFOW's EULA, which it alleges applies to this matter, does not even define what LFOW's "product" allegedly is. As a result of USANA's contracting for the unbranded

software, USANA's subsequent use and minor modifications to the JavaScript were permitted under the first sale doctrine.

The Website Video was not used to advertise or sell any products or services for USANA, and is not responsible for the generation of any sales, revenues or profits. It was, as the video itself shows, a welcome message – nothing more, nothing less. LFOW cannot and does not articulate any logical argument as to how the Website Video generated any sales, revenues or profits for USANA. LFOW merely underlines and highlights text from the welcome video and references a website printout to argue that website videos created by LFOW (which the video ultimately used here was not) result in increased sales conversion (yet does not explain how this is relevant when the viewer is not a consumer). LFOW also argues, on mere speculation, that USANA must have used LFOW products in various other vague and unspecified ways, which is entirely false. Nonetheless, LFOW persists in its request for irrelevant information regarding USANA's sales, revenues, profits, finances, sales associates, and Hits and Visitors.

LFOW concedes that USANA has produced numerous documents and five (5) discs containing computer files and data responsive to LFOW's discovery responses. Nonetheless, LFOW alleges that there are numerous unspecified files which must exist and which USANA has failed to produce.[1] These items will be addressed individually below. However, it is apparent that LFOW seeks to disparage USANA to the Court and to create an appearance of spoliation and other impropriety which simply does not exist.

Finally, LFOW continues to misrepresent to the Court that USANA has been uncooperative in scheduling the depositions of the eleven (11) USANA witnesses requested by

---

[1] On March 21, 2014, USANA produced a zip file showing prior drafts of modification to the LFOW JavaScript. Note, however, that none of these drafts ever went "live" and the only modification of the LFOW JavaScript ever published to allow the USANA Website Video to play was the JavaScript file previously produced to LFOW in this

LFOW.[2] Not only has this never been true (which the undersigned's March 10, 2014 letter to the Court, with supportive attachments, makes clear it was not), but **the scheduling of USANA witness depositions was discussed and a schedule developed during the conference call between counsel on March 12, 2014, with the four (4) key witnesses sought by LFOW to be deposed during the week of March 31st, with the need for further depositions to be determined thereafter.** This agreement and understanding, as well as USANA's consent to an extension of the case management deadlines, is confirmed by March 12-13 email correspondence between counsel. See March 12-13 emails between Paul H. Schultz, Esquire and Vlad Tinovsky, Esquire (redacted only as to settlement demand figures), true and correct copies of which are attached hereto as **Exhibit "B".** LFOW counsel has since refused to schedule these depositions.

**Ironically, it is LFOW that has thwarted and cancelled the agreed upon and scheduled depositions of <u>its own witnesses</u> on multiple occasions.** On February 10, 2014, the depositions of LFOW's witnesses were scheduled for March 4th, but were cancelled due to LFOW's failure to timely respond to USANA's discovery requests (including LFOW's delivery of responsive documents several days <u>after</u> providing written discovery responses). The depositions were rescheduled for March 18, 2014. This time, LFOW cancelled the depositions <u>on March 17, 2014</u> (only <u>one</u> (1) day before the scheduled depositions and <u>only</u> when the undersigned called to confirm) claiming that LFOW's principal, Eduard Shcherbakov, was unavailable due to other litigation (which LFOW undoubtedly knew more than a day in advance).

---

litigation. The situation is analogous to making edits to a Word document for a motion to be filed in Court, where only the final draft of the motion is actually filed or used. All relevant files have been produced by USANA.

[2] USANA has not objected despite the fact that LFOW seeks over ten (10) depositions, which requires leave of Court under the Federal Rules of Civil Procedure. Additionally, aside from the eleven (11) depositions sought (many of which involve individuals peripherally involved in this matter), **LFOW neglects to mention that it has also <u>propounded 382 Requests for Admissions on USANA</u>.** Rather than use these Requests for Admissions to limit the number of depositions and thus reduce litigation costs, or simply proceed via the depositions, LFOW has

LFOW would not provide any dates for depositions before the hearing scheduled with the Court, and stated that it would produce its witnesses on March 26, 2014 (the day <u>after</u> the hearing). <u>See</u> February 10, 2014, March 7-10, 2014 and March 17, 2014 emails between counsel, true and correct copies of which are attached as **Exhibit "C".** Thus, the only party that has obstructed the discovery process in this matter is LFOW.

**Responses to Numbered Averments**

**I. <u>Response to LFOW Preliminary Statement</u>**

1.      Denied.   LFOW's Complaint is a document which speaks for itself and any characterization of same, in whole or in part, is therefore denied.  Further, it is denied that USANA engaged in any illegal or improper conduct, or that the "EULA" referred to by LFOW applies to this matter. <u>See</u> Preliminary Statement above, which is incorporated herein.

2.      Denied.   USANA has provided fully responsive answers to all appropriate and non-abusive discovery requests of LFOW.   <u>See</u> Preliminary Statement above, which is incorporated herein.  USANA has not destroyed or altered computer files/data as alleged, and has provided responsive computer files/data in its possession to LFOW.

Further, while irrelevant, USANA has provided LFOW with Google Analytics data regarding the number of page views of the Website Video from March 19, 2013 through September 10, 2013 (after which such use was discontinued). <u>See</u> Google Analytics reports, true and correct copies of which are attached hereto as **Exhibit "D".**   As explained on those annotated reports, which indicate "Total Page Views", the Website Video **was not available in all markets on all dates and could not even be viewed by Associates using certain electronic devices.** <u>See</u> <u>Id</u>. (Emphasis added).

---

chosen the burdensome and unreasonable path or pursuing both, a path entirely unnecessary in such a straightforward case.

Additionally, USANA did/does not utilize any website/computer tracking software or tools that could **identity** the person viewing the Website Video. **Further, new USANA Associates are typically enrolled by an existing USANA Associate who refers the new Associate to USANA.** For example, one existing Associate may enroll thirty (30) new Associates. In such a case, only the existing Associate may even see the Website Video, and it is highly doubtful that the individual would actually watch the video each time, if at all. USANA has therefore provided all responsive information regarding computer analytics on this matter, despite its lack of relevance as no profit or sales were derived by this simple welcome video.

3.     Denied. USANA has cooperated and responded appropriately and fully to all valid discovery requests in this matter, objecting only where appropriate to the abusive and irrelevant discovery of LFOW. See Preliminary Statement above, which is incorporated herein.

**II. Response to Discovery Dispute**

4.     Admitted with qualification. See **Exhibit "B"** confirming USANA's consent to LFOW's request (discussed by counsel via telephone) for an extension of these deadlines.

5.     Admitted.

6.     Denied. LFOW's Interrogatories and Requests for Production speak for themselves. To the extent this allegation constitutes a conclusion of law, it is denied. LFOW's discovery is not "narrowly tailored". To the contrary it is overbroad, vague, burdensome, oppressive and seeks irrelevant information/documents (ex. request for financial information where USANA's video was used solely as a welcome message). See Preliminary Statement above, which is incorporated herein.

7-9.    Denied. See Preliminary Statement above, which is incorporated herein. USANA's cooperation and diligence in working to accommodate LFOW in the scheduling of the

6

eleven (11) requested depositions is aptly documented in the undersigned's March 10, 2014 letter to the Court and the emails attached as exhibits thereto. <u>See</u> March 10, 2014 letter (with exhibits) from Michael V. Tinari, Esquire to the Honorable Juan Sanchez, a true and correct copy of which is attached hereto as **Exhibit "E".** LFOW counsel now refuses to schedule depositions.

USANA has consistently attempted to condense the depositions into a reasonable time frame in the interest of reducing cost and improving efficiency, while LFOW's position is that the eleven (11) depositions be spread over a month as proposed in its original schedule. LFOW is well aware that USANA counsel will have to be physically present with his witnesses to prepare and review documents prior to the depositions and appears intent on driving up these costs. <u>See</u> also **Exhibit "B"** hereto, which confirms the accuracy of USANA's position.

10-11. Denied. USANA provided full and responsive answers to all relevant and non-abusive discovery and raised valid objections to LFOW's requests where appropriate. USANA produced over 300 pages of emails which are all responsive emails in its possession. LFOW complains about "duplicate" emails, but fails to mention that the emails provided are for a number of different individuals who were part of the same email chain. **Undoubtedly, if USANA had only produced copies of the emails from one (1) employee, LFOW would complain of "missing" emails and "other" unnamed individuals being involved.**

LFOW's contention that the three (3) CD/DVDs provided contained "irrelevant and non-responsive files" is without merit. The disc entitled "Dave Message" contains an exact copy of the original video footage shot by USANA in creating its video. The footage was shot with a digital video recorder and flash card, downloaded onto a disc immediately following filming, with the footage then cleared from the flash card. This was done in the normal course of business to prevent the flash card from becoming full and not to "hide" or "destroy" evidence.

The other two (2) CD/DVDs contained copies of the relevant video files in both .flv format (the Data disc), which requires an flv player to view the videos/data, and files in a compressed movie format that are playable on a DVD player (the DVD disc). See three (3) CD/DVDs referenced, copies of which are available for the Court's review if desired. LFOW's characterization of the video files for the very video at issue in this litigation as "irrelevant" is puzzling. Finally, LFOW counsel fails to note that he also requested, and was given the courtesy of, an extension to respond to USANA's written discovery.

12.     Denied. LFOW's February 25, 2014 letter is a writing which speaks for itself, and any characterization of same is therefore denied. See Preliminary Statement above, which is incorporated herein. USANA's discovery answers are fully responsive and are not "deficient".

13.     Admitted in part; Denied in part. It is admitted only that the USANA conferred with LFOW regarding its allegations in a good faith effort to resolve same. It is denied that USANA's discovery responses are "deficient". USANA has provided full and complete responses to all legitimate and non-abusive discovery requests. Finally, **LFOW neglects to mention that the parties also conferred by telephone on March 12, 2013 (see Exhibit "B"), likely because this demonstrates USANA's good faith efforts and evidences the lack of any dispute regarding depositions of USANA witnesses, a focus of LFOW's Motion.**

14-15. Admitted in part; denied in part. It is admitted that said correspondence was sent to the Court, however these writings speak for themselves and any characterization is denied.

16.     Denied. The March 10, 2014 letter speaks for itself and LFOW's characterization of same is denied. See March 10, 2014 letter of Paul H. Schultz, Esquire to Vlad Tinovsky, Esquire, a true and correct copy of which is attached hereto as **Exhibit "F"**.

This correspondence included two CD/DVDs which provided: (1) the original "green screen" version of the video; (2) Google Analytics reports in response to LFOW's requests for information on Hits and Visitors; (3) the file entitled USANA_1.zip (which were the files originally provided by LFOW to USANA, but which LFOW still insisted be produced; and (4) a zip file providing copies of the JavaScript modification made by USANA. Despite this responsive production, LFOW continues to insist that USANA's responses are deficient.

Finally, the correspondence from Richard Wilson concerns USANA's dispute of LFOW credit card charges. LFOW's fixation on this issue is frustrating. While LFOW cannot point to any damage resulting with its merchant services as a result of the credit card dispute, LFOW has subpoenaed bank and credit card records regarding this issue (to which USANA has not objected). LFOW's contention that this document is "clearly suspect" lacks merit, the charge issue is not in dispute, and LFOW is free to question Mr. Wilson regarding the correspondence.

17-19. Denied. LFOW's insinuation that USANA calculated the time to the discovery end date to determine when to provide documents is absurd. During the March 4, 2014 conference between counsel, USANA sought clarification as to what was being sought by LFOW's overbroad and vague discovery. Thereafter, in an effort to provide responsive documents in good faith, USANA promptly supplemented its responses on March 10, 2014 (and not with "alterations, modifications or deletions" as alleged). See **Exhibit "F"**.

Counsel's allegation that USANA forced him to work "around-the-clock" lacks merit and is a calculated attempt to set a false premise for a sanction/attorney fee claim. **LFOW counsel has followed a consistent pattern of serving or filing documents at close of business or during late evening throughout this case, including: his March 7, 2014 letter to the Court (served "earlier in the day" to the Court but to USANA counsel at 4:54 p.m.); the instant**

Motion (e-filed at <u>11:44 p.m.</u>); and, on the very date in question, LFOW's documents responding to USANA's Requests for Admissions (emailed at 10:37 p.m.). <u>See</u> March 11, 2014 email at 10:37 p.m. from Vlad Tinovsky, Esquire, a true and correct copy of which is attached as **Exhibit "G"**. **The true purpose of this after hour production (as with the instant Motion) is to inconvenience or otherwise provide USANA with reduced time to respond.**

20-21. Admitted.

22. Denied. <u>See</u> Preliminary Statement and averments above.

### A.    Alleged Deficiencies in Interrogatory Responses

23. Denied. On March 10, 2014, USANA produced a zip file providing copies of the JavaScript modification made by USANA to allow the Website Video to play. <u>See</u> **Exhibit "F"**. Further, USANA produced emails which clearly indicate that such modification was performed by USANA employee, Jeffrey Benedict. <u>See</u> April 26, 2013 email of Mr. Benedict (previously produced to LFOW), a true and correct copy of which is attached as **Exhibit "H"**. This email, the others produced and USANA's discovery responses make clear that Mr. Benedict was the person who made the JavaScript modifications. LFOW's claim that it has not been provided with information regarding what was modified and who modified it is thus puzzling.

24. Denied. USANA has provided full and responsive answers to all legitimate discovery requests and has fully cooperated with LFOW's requests to schedule depositions of USANA witnesses. <u>See</u> Preliminary Statement above, which is incorporated herein. LFOW contradicts itself in first stating that USANA refuses to schedule depositions of its witnesses and then contending that USANA seeks to force LFOW to proceed with same.

25-26. Denied. To the extent that the instant allegations constitute conclusions of law, they are deemed denied. By way of further answer, <u>see</u> Paragraph # 2 above, which is