## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB, LLC,      :    CIVIL ACTION

          Plaintiff,        :    No. 13--6211

      v.               :

USANA HEALTH SCIENCES, INC.,    :

          Defendant.      :

**FILED**

APR 1 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## CONSENT ORDER

AND NOW, this 1st day of April, 2014, upon consideration of Plaintiff's Motion to Compel Discovery and For Sanctions[1] filed on March 17, 2014 ("Motion"), and any response thereto and after a hearing thereon, it is **ORDERED** and **DECREED** that:

1.     The Motion (Document 26) is hereby **GRANTED**.

2.     On or before April 2, 2014, Defendant shall (a) identify each and every URL, Web Farm, Web Server, Web Site, Web Page or other location on which Defendant caused the Subject LFOW Software Package, any Infringing Packages or any parts thereof to be stored, located, visible, accessible or otherwise present, and (b) identify and produce all Documents related to the foregoing.

3.     On or before April 2, 2014, Defendant shall (a) identify each and every hard drive and computer (including, without limitation, desktop, laptop, Web Server, Web Farm or part thereof, virtual machine, local machine, beta or development machine or environment, etc.) on which Defendant caused the Subject LFOW Software Package, any Infringing Packages (or any parts thereof) to be stored, located, visible, accessible or otherwise present, and (b) identify (including, without limitation, by providing the IP Addresses, Media Access Control (MAC) addresses, serial numbers and other identifying characteristic of any hard drives and computers) and produce all Documents related to the foregoing, including, without limitation, all Server Logs. However, if Server Logs cannot be produced in accordance with this Order by the aforementioned date through Defendant's best efforts in good faith, then USANA shall have additional time up to but not later than April 9, 2014 to produce such Log Files so long as it continues to use best efforts in good faith to produce such Server Logs as promptly as possible.

4.     On or before April 2, 2014, Defendant shall: (a) identify each and every modification Defendant made to the Subject LFOW Software Package or any part thereof, and (b) identify and produce all Documents related to the foregoing.

---

[1]     Unless otherwise expressly set forth in this Order, all capitalized terms used but not defined herein shall have the means ascribed to such terms in Plaintiff's discovery requests directed to Defendant. Therefore, the term "Document" shall include, without limitation, any and all computer files, video files and electronically stored data with all metadata related thereto.

5.      On or before April 2, 2014, Defendant shall: (a) identify (i) all "third-party salespeople" referenced in ¶ 102 of the Answer[2] and others who viewed or may have viewed the Subject LFOW Software Package, Infringing Packages and any works and other things based in whole or in part thereon and (ii) all revenues, expenses, pre-tax profits and post-tax profits generated directly or indirectly by Defendant from or related in any way to such "third-party salespeople" referenced in ¶ 102 of the Answer and such others; and (b) identify and produce all Documents related to the foregoing.

6.      On or before April 2, 2014, Defendant shall: (a) identify all Hits and Visitors (including, without limitation, by Defendant's "Associates") to the Subject LFOW Software Package and any Infringing Packages on any and all URLs, Web Farms, Web Servers, Web Sites, Web Pages and other locations (including, without limitation, at www.usana.com or any part thereof), and (b) identify and produce all Documents related to the foregoing.

7.      On or before April 2, 2014, Defendant shall: (a) identify each and every person who has knowledge of any discoverable matter concerning this action or its subject matter, state the substance of such knowledge, and (b) identify and produce all Documents related to the foregoing.

8.      On or before April 2, 2014, Defendant shall produce all Documents relating to the involvement of and participation by any entity in the creation, use or modification of the Subject LFOW Software Package, the Infringing Packages or any part thereof or works and other things based in whole or in part thereon, including, without limitation, the Original Video (as defined in the Answer) and the Subject LFOW Video Presentation a/k/a Altered Video (as defined in the Answer).

9.      On or before April 2, 2014, Defendant shall produce all Documents evidencing or related in any way to the number of Hits and Visitors to the Subject LFOW Software Package, the Infringing Packages or any part thereof or any works and other things based in whole or in part thereon.

10.     On or before April 2, 2014, Defendant shall produce all Documents evidencing or related in any way to each and every time that the Subject LFOW Software Package, any Infringing Package or any part thereof or any works and other things based in whole or in part thereon was accessed and/or viewed.

11.     On or before April 2, 2014, Defendant shall produce all Documents evidencing or related in any way to any modifications made by Defendant to the Subject LFOW Software Package or any part thereof.

---

[2]      By agreement of the parties for purposes of this Order, the names, social security numbers, credit card information, addresses, and USANA associate identification numbers of Defendant's thirty-party salespeople (i.e. Associates) shall be partially redacted when produced by Defendant to Plaintiff to the point where Plaintiff can differentiate and show that such are separate individuals with different addresses and USANA identification numbers, provided, however, that Defendant shall retain and maintain all such un-redacted information so it can be produced within 48 hours of demand, if any, later in this action. If the Defendant objects to the demand, and the parties cannot resolve the objection, then the parties shall contact the Court for guidance.

12.    On or before April 2, 2014, Defendant shall produce all Documents evidencing or related in any way to any modifications made by Defendant to any Infringing Package (or any part thereof) or any works and other things based in whole or in part thereon or on the Subject LFOW Software Package (or any part thereof).

13.    On or before April 2, 2014, Defendant shall produce all Documents evidencing Defendant's and its affiliates' revenues, expenses, pre-tax profits and post-tax profits: (a) during the period of time that Defendant used the Subject LFOW Software Package, any Infringing Package or any part thereof or any works and other things based in whole or in part thereon; (b) which were generated or otherwise relate directly or indirectly from any and all of Defendant's Associates (i.e., third-party salespeople) who viewed or may have viewed the Subject LFOW Software Package and Infringing Packages; (c) which were generated or otherwise relate directly or indirectly from any and all persons (Defendant's Associates, i.e., third-party salespeople) who viewed or may have viewed the Subject LFOW Software Package, any Infringing Package or any part thereof or any works and other things based in whole or in part thereon; (d) otherwise attributable directly or indirectly to the Subject LFOW Software Package, any Infringing Package or any part thereof or any works and other things based in whole or in part thereon; and (e) of similarly situated persons who did not view and/or have access to the Subject LFOW Software Package, any Infringing Package or any part thereof or any works and other things based in whole or in part thereon during the period of February 11 through September 10 of the 2013, 2012, 2011, 2010 and 2009.

14.    All Documents which constitute computer files, video files, Server Logs and all other electronically stored data and information (collectively, "E-Discovery") shall be produced by Defendant in discovery in, *inter alia*, their native format and their original state. The native format and original state shall include, without limitation, all original metadata without any alteration or modification whatsoever.

15.    All E-Discovery already produced by Defendant shall be re-produced to Plaintiff on or before April 2, 2014 in their native form and their original state (including all metadata) in accordance with this Order. All other E-Discovery to be produced by Defendant to Plaintiff in this action pursuant to the Federal Rules of Civil Procedure and this Order (which reduces certain response times), shall be produced in their native form and their original state (including all metadata) and otherwise in accordance with this Order.

16.    All depositions of parties and their employees and witnesses in this action shall be conducted in this District. To the extent possible, Defendant shall also cause its former employees, Chad Banh and Richard E. Wilson, to be produced for deposition in this District if requested by Plaintiff. However, if Defendant is unable to obtain the consent of Messrs. Banh and Wilson to travel to this District for deposition after Defendant's best efforts in good faith, then the parties shall cooperate to schedule any such depositions under mutually reasonable terms, which may include telephone, video and/or video conference depositions. Defendant shall be responsible for all costs and expenses associated with the production of Defendant's employees, former employees and other witnesses for deposition in this District.

17.    Plaintiff is hereby granted leave to serve on Defendant (a) an additional 10 interrogatories, (b) an additional 10 requests for documents and things, and (c) additional

requests for admissions, and Defendant shall response to such discovery within ten (10) days from the date of service thereof.

18.     Pre-trial deadlines are hereby amended as follows: (i) the discovery end date is hereby extended from April 10, 2014 to May 10, 2014, (ii) Plaintiff's expert report deadline is hereby extended from April 24, 2014 to May 16, 2014, and (iii) Defendant's expert report deadline is hereby extended from May 2, 2014 to May 30, 2014.

19.     Defendant's failure to timely comply with this Order in good faith shall result in further sanctions upon application to the Court, including, without limitation, payment of Plaintiff's reasonable attorney's fees and costs.

BY THE COURT:

The Honorable Juan R. Sánchez
United States District Judge